IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 3:03cr00025 |
| v. | ORDER and OPINION |
| MICHAEL T. LAFERRARA | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on the government's Motion for Correction of Sentence, filed September 8, 2006. For the reasons stated below, this motion is hereby DENIED.

Under the restitution portion of Defendant's plea agreement, he agrees to pay restitution for the "entire scope of [his] criminal conduct." The Court reads this to mean that Defendant agrees to pay restitution in the amount of $68,000, the value of the check that led to criminal charges being filed against him. In fact, the Court reads this entire paragraph as boilerplate language that allows the government to protect itself should it later uncover evidence that a particular defendant's criminal conduct included something more than that for which he was charged.

Additionally, the government has conceded that more than one defendant contributed to losses sustained by victims of the Oppenheimer scheme. Indeed, other defendants who have been charged in connection with the Oppenheimer scheme have already been ordered to pay restitution. Therefore, the Court at sentencing invoked 18 U.S.C. § 3664(h) to apportion liability

among those defendants, one of whom is Michael LaFerrara. This Court's order that this Defendant pay $68,000 in restitution reflects his "level of contribution to the victim[s'] loss" under § 3664(h). The Defendant shall be jointly and severally liable with any other defendants found to have contributed to the loss of the $68,000.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
Judge

_____
Sept. 11, 2006
Date